**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Steven Preston**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**Jingze Food LLC**, an Arizona limited liability company, **Jingze Xi Investments LLC**, an Arizona limited liability company, and **Jingze Xi and Jane Doe Xi**,<br><br>　　　　　Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Steven Preston ("Plaintiff" or "Steven Preston"), sues the Defendants, Jingze Food LLC, Jingze Xi Investments LLC, and Jingze Xi and Jane Doe Xi (collectively, "Defendants" or "Brooklyn New York Pizza and Wings") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum

-1-

Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. <u>See</u> 29 U.S.C. § 207(a).

3.  Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.  Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.  This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6.  The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

7.  The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11. At all material times, Defendant Jingze Food LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Jingze Food LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12. At all relevant times, Defendant Jingze Food LLC owned and operated as "Brooklyn New York Pizza and Wings," a chain of pizza restaurants doing business in Maricopa County, Arizona.

13. Under the FLSA, Defendant Jingze Food LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Jingze Food LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Brooklyn New York Pizza and Wings' employees, Defendant Jingze Food LLC is subject to liability under the FLSA.

14. At all material times, Defendant Jingze Xi Investments LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Jingze Xi Investments LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15. At all relevant times, Defendant Jingze Xi Investments LLC owned and operated as "Brooklyn New York Pizza and Wings," a chain of pizza restaurants doing business in Maricopa County, Arizona.

16. Under the FLSA, Defendant Jingze Xi Investments LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Jingze Food LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Brooklyn New York Pizza and Wings' employees, Defendant Jingze Food LLC is subject to liability under the FLSA.

17.   On information and belief, Defendants Jingze Xi and Jane Doe Xi are, upon information and belief, husband and wife. On information and belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. On information and belief, Jingze Xi and Jane Doe Xi are owners of Brooklyn New York Pizza and Wings and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18.   On information and belief, under the FLSA, Defendants Jingze Xi and Jane Doe Xi are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. On information and belief, at all relevant times, Defendants Jingze Xi and Jane Doe Xi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. On information and belief, as persons who acted in the interest of Defendants in relation to Brooklyn New York Pizza and Wings' employees, Defendants Jingze Xi and Jane Doe Xi are subject to individual liability under the FLSA.

19. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of pizza restaurants in Maricopa County, Arizona.

23. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.

24. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

25. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

27. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

28. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

30. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

31. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

32. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

33. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

35. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

36. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

37. Defendants own and/or operate as Brooklyn New York Pizza and Wings, an enterprise doing business in Maricopa County, Arizona.

38. Plaintiff began working for Brooklyn New York Pizza and Wings in or around August 2021 when it was owned by previous individuals.

39. In or around September 2021, Defendants purchased Brooklyn New York Pizza and Wings from its previous owners.

40. Between September 2021 and May 2022, Plaintiff worked in a part-time, hourly capacity.

41. In or around May 2022, Defendants asked Plaintiff to work as a manager.

42. Thereafter, at all relevant times, in his work for Defendants, Plaintiff worked as a manager of Defendants' Brooklyn New York Pizza and Wings restaurant located at 5965 East Brown Road, Mesa, Arizona 85205.

43. Defendants, in their sole discretion, paid Plaintiff approximately $800 per week to work as a manager.

44. Plaintiff, in his work for Defendants, was assigned the same weekly rate of pay, regardless of the number of hours he worked in a given workweek.

45. Plaintiff, in his work for Defendants, was assigned the same weekly rate of pay, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

46. On or around August 2022, Plaintiff and Defendants discussed entering into an agreement pursuant to which Plaintiff would purchase the restaurant location at which he worked as a manager.

47. Pursuant to the discussion, Plaintiff would pay Defendants $729 per week for four years to purchase the restaurant location.

48. Pursuant to the discussion, Plaintiff and Defendants were supposed to sign a formal, written agreement and take over the restaurant as owner on September 1, 2022.

49. However, certain revenue shortages halted the contract discussions and, instead, Defendants decided that that contract would be scrapped and a new, updated agreement would follow.

50. Pursuant to the parties' discussions, Defendants required Plaintiff to "role play" as owner for a probationary period. During this "role play," Plaintiff was to retain all responsibilities he had as a manager, and learn to operate as an owner, all while not being paid anyway.

51. While this probationary period was set to last only a few weeks, Plaintiff worked approximately eight months in such a capacity without receiving any wage whatsoever and without the parties ever entering into an agreement for Plaintiff to purchase the restaurant.

52. As such, Plaintiff worked approximately 33 workweeks without ever being paid for such time and without having entered into any agreement for Plaintiff to purchase the restaurant.

53. Indeed, Defendants never paid Plaintiff any wage whatsoever for the final 33 workweeks of his employment with them, despite the parties' agreed-upon regular rate of pay of $800 per week.

54. Sometime later in 2023, Defendants proposed a new agreement under which the price for Plaintiff to purchase the restaurant would increase, but Plaintiff would not receive any credit for the work performed without having received any compensation.

55. Thereafter, Plaintiff no longer wished to purchase the restaurant from Defendants.

56. At all relevant times, Plaintiff worked for Defendants until approximately April 2023.

57. Throughout his employment with Defendants, Plaintiff generally worked approximately between 50 and 60 hours per week.

58. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

59. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

60. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

61. Defendants classified Plaintiff as W-2 employee.

62. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked during his final 33 workweeks with Defendants.

63. As a result of not having paid any wage whatsoever to Plaintiff during his final 33 workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

64. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

65. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

66. At all relevant times – i.e., the final 33 workweeks of his employment with Defendants, Plaintiff was a non-exempt employee.

67. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

68. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

69. Plaintiff is a covered employee within the meaning of the FLSA.

70. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

71. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

72. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

73. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

76. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

77. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

78. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

79. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

80. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

81. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Steven Preston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. As a result of not paying Plaintiff any wage whatsoever for the final 33 workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

84. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

85. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Steven Preston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. As a result of not paying Plaintiff any wage whatsoever for the final 33 workweeks of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

88. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

89. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Steven Preston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**JINGZE FOOD LLC & JINGZE XI INVESTMENTS LLC ONLY**

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. As a result of the allegations contained herein, Defendant Jingze Food LLC and Jingze Xi Investments LLC did not compensate Plaintiff wages due and owing to him.

92. Defendants Jingze Food LLC and Jingze Xi Investments LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

93. Defendants Jingze Food LLC and Jingze Xi Investments LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

94. Defendants sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

95. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants Jingze Food LLC and Jingze Xi Investments LLC.

96. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Steven Preston, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 2nd day of May, 2023.

              BENDAU & BENDAU PLLC

              By: /s/ *Clifford P. Bendau, II*
              Clifford P. Bendau, II
              Christopher J. Bendau
              *Attorneys for Plaintiff*

# VERIFICATION

Plaintiff, Steven Preston, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Steven Preston (May 2, 2023 14:55 PDT)
Steven Preston